Janice M. Michaels
Nevada Bar No. 6062
Anthony S. Wong
Nevada Bar No. 12899
Wood, Smith, Henning & Berman LLP
7674 West Lake Mead Boulevard, Suite 150
Las Vegas, Nevada 89128-6644
Telephone: 702 251 4100
Facsimile: 702 251 5405

Attorneys for RR DONNELLEY LOGISTICS SERVICES WORLDWIDE INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| ASTRABRANDS LV, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EXPO TRANZ, LLC, a Nevada Limited Liability Company; NEW ENGLAND MOTOR FREIGHT, INC., a New Jersey corporation; OAK HARBOR FREIGHT LINES, INC., a Washington corporation; RR DONNELLEY LOGISTICS SERVICES WORLDWIDE, INC., an Illinois corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:16-CV-00302-JCM-PAL<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED, AGREED AND UNDERSTOOD BY Plaintiff ASTRABRANDS LV, INC. ("Plaintiff") and Defendants RR DONNELLEY LOGISTICS SERVICES WORLDWIDE, INC., NEW ENGLAND MOTOR FREIGHT, INC., and OAK HARBOR FREIGHT LINES, INC. (collectively, "Defendants"), as follows:

1. Discovery in the above-entitled action may involve documents, photographs, video, or other information of a proprietary and non-public nature, and that the parties consider confidential or highly confidential.

2. Pursuant to FRCP 26(c), good cause exists for the issuance of a protective order governing the handling of certain documents, photographs, video, or other information.

3. This Order shall be applicable to and govern all confidential or highly confidential information in any form (including without limitation information contained in or on any tangible thing) produced or disclosed by or on behalf of any party to this litigation, in connection with this Case No. 2:16-CV-00302-JCM-PAL ("Action").

4. The following definitions shall apply:

    a. "CONFIDENTIAL INFORMATION" shall mean documents, photographs, video, or other information designated as "CONFIDENTIAL" by a Producing Party, who in good faith believes the documents, photographs, video, or other information constitutes or include proprietary or non-public information that (i) is used by the party in, or pertaining to, its business; (ii) is not generally known by the general public; and (iii) the party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

    b. "HIGHLY CONFIDENTIAL INFORMATION" shall mean documents, photographs, video, or other information designated thereon as "HIGHLY CONFIDENTIAL" by a Producing Party, who in good faith believes the documents, photographs, video, or other information are particularly or especially sensitive and confidential that the Producing Party has and other discovery materials which the Producing Party considers so sensitive or confidential that added protections are warranted.

    c. "Producing Party" shall mean the parties, person or entity producing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or giving testimony in this Action regarding or relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION which has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to this Protective Order.

/ / /

       d. "Recipient" shall mean the party, person or entity who has agreed in writing to be subject to this Protective Order to whom the Producing Party makes available CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Recipient shall include those persons or entities identified in Sections 7 and 8.

       e. "Disclose" shall mean the transfer or delivery to a party, person or entity of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, permitting the inspection or review of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or communicating the contents of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be used by the parties in this Action solely for the purpose of this Action, and not for any other purpose whatsoever.

6. It is the intention of the parties that the designation of documents, photographs, video, or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be used narrowly, and with the most limited use possible.

7. Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and any copies, excerpts or summaries thereof, and any further information derived therefrom, shall not be revealed, disclosed or otherwise made known to persons other than those specified below or in any manner other than as specified below:

       a. *The Court*—Any party may disclose and submit CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the Court, including all persons employed by the Court. Any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and information derived therefrom, which are filed with the Court shall be filed in accordance with Paragraph 13 of this Stipulated Protective Order.

/ / /

b. *Outside Counsel*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to outside counsel for the parties in this action, including counsel's employees and outside contractors used to perform clerical functions.

c. *Receiving Parties*—CONFIDENTIAL INFORMATION may be disclosed (1) to in-house counsel and (2) to other employees of a Receiving Party whose participation in the prosecution or defense of the action, is necessary in the good faith assessment of counsel for the Receiving Party.

d. *Expert Witnesses*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to outside experts retained to work on this action, including employees of such experts and persons providing clerical or support services. The parties agree that before any HIGHLY CONFIDENTIAL INFORMATION is provided to an expert witness, the Receiving Party must obtain written consent from the Producing Party, which consent will not be unreasonably refused. The parties agree that such persons shall agree in writing in a form substantially similar to **Exhibit "A"** attached hereto in advance of receiving any HIGHLY CONFIDENTIAL INFORMATION to be subject to its terms.

e. *Employees And Former Employees Of The Producing Party*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION of the Producing Party may be disclosed by the Receiving Party during any deposition in this action or at trial of the action to any employee of the Producing Party or its affiliates and any former employee of the Producing Party or its affiliates who was employed by the Producing Party or its affiliates (1) on the date the document was prepared or dated, or (2) on the dates to which the information relates. Such information may also be disclosed to any attorney representing such person at his or her deposition. The parties agree that before any HIGHLY CONFIDENTIAL INFORMATION is disclosed to any employees of the Producing Party pursuant to

1  this paragraph, the Receiving Party must obtain written consent from the Producing Party, which consent will not be unreasonably refused.

    f. *Non-parties*—CONFIDENTIAL INFORMATION may be disclosed during any deposition in the action or at trial of the actions to a non-party witness (and any attorney representing such person at his or her deposition).

    g. *Court Reporters*—CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to court reporters rendering court reporting services for depositions or the trial in the Civil Actions, including the employees of such court reporters.

8. Recipients are prohibited from disclosing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION except as permitted by this Protective Order.

9. Recipients of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION hereby agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION protected by this Protective Order.

10. The Recipient of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

11. In the event any Recipient to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION has been disclosed is no longer involved in this Action, said Recipient shall return all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION to the Producing Party. The Recipient shall remain subject to the provisions of this Protective Order.

/ / /

/ / /

/ / /

12.     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party as follows:

    a.  *Documents (including documents or information included in discovery responses)*—Documents shall be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by placing or affixing on the document, or on a label associated with the document, in a manner that will not interfere with its legibility, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Designation on the first page of the document is sufficient to bring the entire documents within the scope of this Order.

    b.  *Non-documentary information*—In the event any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed by a Producing Party in electronic, photographic or other non-documentary form, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be placed on the jacket, cover or container in which the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is produced. The Recipient shall maintain the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in the marked jacket, cover or container, and shall in good faith take such steps necessary to ensure that the non-documentary CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is not disclosed except as provided in this Protective Order.

    c.  *Testimony*—The Producing Party may designate testimony or exhibits as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by making a statement to that effect on the record when the testimony is given or by identifying, by reference to pages and lines, the portions of the transcript that reflect CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. In addition, corrections, additions, or deletions to portions of a transcript that the designating party wishes to designate

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be identified by page and line references.  Designations made after a deposition shall be made by written notice served on all counsel of record.  For thirty days after the receipt, the entire transcript of any deposition shall be treated as CONFIDENTIAL INFORMATION, except that any portions of testimony designated HIGHLY CONFIDENTIAL INFORMATION at the time of and during the deposition shall be treated as such.  If testimony is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the terms of this Order.[1]  These arrangements may include the marking of transcript pages, covers or exhibits, and other measures to preclude the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to other than qualified persons.

d. In the event that documents, photographs, video, or other information that may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION are made available for inspection, upon prior written notice by the Producing Party, the party inspecting the documents and/or information shall treat all documents and information produced as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION until selected copies are furnished.  There will be no waiver of confidentiality by the inspecting of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before it is copied and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

---

[1] This does not apply to proceedings that the Court recorder records and transcribes.

e.   A Producing Party shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to or contemporaneously with production and delivery of copies to the Recipient. Unless designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, all documents, photographs, video, or other information produced shall be considered non-confidential after production.

f.   In the event that a Producing Party determines that documents, photographs, video, or other information delivered to a Recipient were inadvertently produced and not designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the Producing Party shall provide notice in writing to the Recipient, and the Recipient shall mark as CONFIDENTIAL or HIGHLY CONFIDENTIAL those documents, photographs, video, or other information identified, which shall be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and the Recipient shall treat that information in accordance with this Protective Order from and after the date of receipt of written notice.

g.   Any Producing Party's inadvertent or unintentional failure to designate documents, photographs, video, or other information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a waiver in whole or in part of that Producing Party's claim of confidentiality, so long as the Producing Party provides the written notification discussed in "f." above within a reasonable time after learning that the confidential information was inadvertently or unintentionally produced without an appropriate confidentiality designation.

/ / /

/ / /

/ / /

/ / /

13. Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", if filed with this Court, shall be filed under seal. If this Court enters written findings that the sealing of the material is justified, the material will remain under seal, but the material will be unsealed if this Court denies the filing Party's concurrent request to seal the material. The Party filing any paper which reflects, contains or includes any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" subject to this Protective Order shall also file a concurrent motion to seal the material ~~and shall temporarily file the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material in a sealed envelope bearing a statement substantially in the following form until such time as this Court has considered the motion: "This envelope contains material subject to a Protective Order of this Court. Unless this Court finds that there are no grounds to seal or redact the enclosed material, the contents of this envelope should not be disclosed, revealed or made public."~~

**Stricken by the court. The parties shall comply with LR 10-5(b).**

14. ~~Copies of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION filed with this Court prior to trial or received in evidence at trial of this action, and any other materials falling within the terms of this Order which are so designated at trial or at time of filing, shall be kept by the Clerk of this Court. Where possible only those portions of documents consisting of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be filed in sealed envelopes~~.

15. In the event a party designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL any information disclosed or discussed in the course of a deposition, the reporter for the deposition shall be directed that questions, answers, colloquy, and exhibits referring or relating to any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be placed in a separate volume labeled so as to reflect the confidentiality of the material contained therein.

16. In the event any party deposing a witness wishes to show or disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a non-party witness, or a witness not qualified under this Protective Order to receive such information, the party shall not disclose the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the witness until such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION has been shown or disclosed to the attorney representing the Producing Party. The

1  attorney representing the Producing Party shall have a reasonable opportunity at the deposition to
2  review the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and
3  to object on the record to its disclosure to the witness. In the event such an objection is interposed, the
4  witness to whom the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
5  INFORMATION will be disclosed, and any persons attending the deposition who are not identified in
6  paragraph 7 or 8 hereof, shall be first required to consent to and abide by the terms of this Protective
7  Order before the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
8  INFORMATION may be disclosed. Should any person in the deposition refuse to consent to and
9  abide by the terms of this Protective Order, then he or she shall leave the deposition room until the
10 conclusion of the questioning concerning the CONFIDENTIAL INFORMATION or HIGHLY
11 CONFIDENTIAL INFORMATION, and shall not be entitled to receive copies of any
12 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or portions of
13 the transcript relating to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
14 INFORMATION absent further order of this Court. This procedure applies in the case of all
15 depositions conducted in this Action, whether conducted within or outside the State of Nevada.

16      17.     If any portion of a deposition transcript is filed and contains CONFIDENTIAL
17 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that portion of the transcript shall
18 bear the appropriate legend on the caption page and shall be filed under seal.

19      18.     A Recipient shall not be obligated to challenge the propriety of any CONFIDENTIAL
20 or HIGHLY CONFIDENTIAL designation when made, and failure to do so shall not preclude a
21 subsequent challenge thereto. In the event any party objects at any stage of these proceedings to a
22 CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, such party shall notify the Producing
23 Party of its objection in writing specifically setting forth the objection. If the parties are unable to
24 resolve their dispute after making good faith attempts to do so, the party challenging the designation
25 may request appropriate relief from the Court, provided ten days have passed since the Producing
26 Party was first notified of the dispute. During the notice period, the objecting party shall confer with
27 the Producing Party in a good faith effort to resolve the dispute. The objecting party's failure to meet
28 and confer shall be dispositive of the objecting party's right to further challenge the propriety of any

CONFIDENTIAL or HIGHLY CONFIDENTIAL designation. The burden of proving information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is on the Producing Party.

19. Nothing in this Protective Order shall be construed as an admission or agreement that any specific document or information is or is not confidential or is or is not otherwise subject to discovery or is admissible in evidence. Nothing in this Protective Order shall be deemed a waiver of any party's rights to oppose production of any information or documents for any reason other than the confidentiality of such information or documents. All documents and things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be used only for purposes of this proceeding or for dealing with any claim or controversy that is or shall be the subject of this proceeding.

20. Use of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in any Court proceeding shall not, without further order of the Court, cause such information to lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status. The parties shall take all steps reasonably required to protect the confidentiality of such information during such use.

21. The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (i) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) to apply to information which appears in printed publications or becomes publicly known through no fault of any party or its counsel; or (iii) to apply to information which any party or its counsel has lawfully obtained since disclosure by the Producing Party, or shall thereafter lawfully obtain, from a third party having the right to disclose such information.

22. Nothing in this Order shall preclude any party to the lawsuit or its attorneys from: (i) showing a document or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to an individual who either prepared or reviewed the document or information prior to the filing of this Action; or (ii) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

23. Upon final determination of the above-captioned proceeding, including all appeals, except as provided herein below, all documents, photographs, video, or other information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL which are in the possession of any Recipient shall be destroyed or returned to counsel of record for the Producing Party, and all persons who have had access to or possession of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall certify that they have either destroyed such material and all copies thereof or returned all such information and all copies thereof to the Producing Party. Notwithstanding any of the foregoing, outside counsel shall be entitled to keep their copies of pleadings and other papers submitted to the Court.

24. This Protective Order may be modified only by stipulation of the parties so ordered by the Court or by other Order of the Court.

25. Parties later joined to this Action or not signing this Order shall not be entitled to receive or review anything designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Order until and unless they sign and agree to the terms of this Order.

26. In the event a Recipient who has received CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to this Order is: (a) subpoenaed in another action; (b) served with a demand in another action to which the person is a party; or (c) served with any other legal process by one not a party to this action, that seeks CONFIDENTIAL or HIGHLY CONFIDENTIAL, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the designating party and its counsel, and upon request, shall reasonably cooperate with the designating party in its efforts to protect the CONFIDENTIAL or HIGHLY CONFIDENTIAL designated information from disclosure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    27.     This Protective Order shall apply to pretrial proceedings and discovery only.  The
2  Court will establish separately any necessary procedures for handling CONFIDENTIAL
3  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during the trial of this matter.

4  DATED this 18th day of April, 2016.     DATED this 18th day of April, 2016.

5  MCKAY ROBBINS                           WOOD SMITH HENNING & BERMAN, LLP

6  /s/ Pamela A. McKay                     /s/ Anthony S. Wong
7  _____       _____
   Pamela A. McKay, Esq.                   Janice M. Michaels, Esq.
8  Nevada Bar No. 7812                     Nevada Bar No. 6062
   Robert T. Robbins, Esq.                 Anthony S. Wong, Esq.
9  Nevada Bar No. 6109                     Nevada Bar No. 12899
   9320 Sun City Blvd, Suite 104           7674 West Lake Mead Boulevard, Suite 150
10 Las Vegas, NV 89134                     Las Vegas, Nevada 89128-6644
                                           Telephone: 702 251 4100
11 **Attorneys for Plaintiff**             Facsimile: 702 251 5405

12                                         **Attorneys for RR DONNELLEY LOGISTICS
                                           SERVICES WORLDWIDE INC.**
13 DATED this 18th day of April, 2016      DATED this 18th day of April, 2016

14 LEWIS BRISBOIS BISGAARD &               KOCH & SCOW LLC
   SMITH LLP
15

16 /s/ Darrell D. Dennis                   /s/ David R. Koch
   _____       _____
17 Darrell D. Dennis, Esq.                 David R. Koch, Esq.
   Nevada Bar No. 6618                     Nevada Bar No. 8830
18 Steven Abbott, Esq.                     11500 S. Eastern Avenue, Ste. 210
   Nevada Bar No. 10303                    Henderson, NV 89052
19 Jake R. Spencer, Esq.
   Nevada Bar No. 12282                    **Attorney for Oak Harbor Freight Lines, Inc.**
20 6385 S. Rainbow Blvd, Suite 600
   Las Vegas, NV 89118
21
   **Attorneys for New England Motor
22 Freight, Inc.**

23

24

25

26

27

28

LEGAL:05746-0352/5615222.1         -13-       Case No. 2:16-CV-00302-JCM-PAL
STIPULATION AND ORDER FOR CONFIDENTIALITY AGREEMENT

1  DATED this 18th day of April, 2016

2  PERKINS COIE LLP

3  /s/ Paul S. Graves
   _____

4  Paul S. Graves, Esq.
   1201 Third Avenue, Suite 4900
5  Seattle, WA 98101-3099

6  *Attorney for Oak Harbor Freight Lines, Inc.*
7

8                               **ORDER**

9         IT IS SO ORDERED this  2  day of    May    , 2016.

10

11

12                                    _____
                                      MAGISTRATE JUDGE

13  SUBMITTED BY:

14  DATED: April 18, 2016            WOOD, SMITH, HENNING & BERMAN LLP

15

16

17                                   By:   /s/ Anthony S. Wong
                                           Janice M. Michaels
18                                         Nevada Bar No. 6062
                                           Anthony S. Wong
19                                         Nevada Bar No. 12899
                                           Wood, Smith, Henning & Berman LLP
20                                         7674 West Lake Mead Boulevard, Suite 150
                                           Las Vegas, Nevada 89128-6644
21                                         Telephone: 702 251 4100
                                           Facsimile: 702 251 5405
22
                                     Attorneys for RR DONNELLEY LOGISTICS
23                                   SERVICES WORLDWIDE INC.

24

25

26

27

28

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I,_____ do hereby acknowledge and agree as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order of which the form of this agreement is an exhibit.

2. I understand the terms of the Stipulated Confidentiality Agreement and Protective Order and agree to be bound by, and to strictly adhere to, all terms and provisions of the Stipulated Confidentiality Agreement and Protective Order.

3. I hereby submit to the jurisdiction of the United States District Court, District of Nevada solely for purpose of enforcement of the Stipulation and Protective Order and this Agreement.

DATED: _____, 2016

_____
Signature

_____
Name

_____
Address

_____
Telephone Number

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
7674 WEST LAKE MEAD BOULEVARD, SUITE 150
LAS VEGAS, NEVADA 89128-6644
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405